**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

CHARLES TRENT,

*Plaintiff*,

v.

GREYSTAR REAL ESTATE PARTNERS, LLC, *et al.*,

*Defendants*.

No. 1:25-cv-1797 (PTG/IDD)

**ORDER**

This matter comes before the Court on the Motion to Dismiss[1] from Defendant Greystar Real Estate Partners, LLC ("Greystar"). Dkt. 6. On October 17, 2025, Plaintiff, proceeding *pro se*, sued Greystar, who he alleges to be the owner and property manager of his residence, and "Exo Management Services, LLC," who he alleges provides staffing, security, and property management services for Greystar. Dkt. 1 at 2.[2] Plaintiff alleges that Defendants violated a litany of criminal and civil statutes, namely by permitting, or taking no action against, "targeted

---

[1] On December 8, 2025, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss, contesting Defendant Greystar's assertions in its Motion to Dismiss. Dkt. 14. On December 22, 2025, Defendant filed a Motion to Amend the previously filed Motion to Dismiss, to incorporate arguments responsive to Plaintiff's Motion to Strike. Dkt. 23. On January 5, 2026, this Court granted Defendant's Motion to Amend. Dkt. 24. As a result, Greystar's Supplemental Memorandum in Support of Amended Motion to Dismiss became the operative memorandum of law in the present arguments. Dkt. 23-2. On January 5, 2026, the Court entered an order notifying Plaintiff that he had twenty-one days (21) days from the entry of the order to file an opposition. Dkt. 25; *see also Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

[2] Defendant "EXO Management Services, LLC," who Plaintiff alternatively calls "Excelsior Parc Apartments Owner, LLC," does not appear to have ever been served with process, as no proof of service was ever filed. *See* Dkts. 17, 20 (denying Plaintiff's Motions for Entry of Default).

electronic interference and surveillance within his apartment." Dkt. 1 at 3-6. Defendant Greystar moved to dismiss the Complaint, citing a lack of personal jurisdiction and pointing to the unintelligible nature of Plaintiff's claims. Dkt. 23-2 at 8-10. To date, Plaintiff has filed no response to Defendant's Motion to Dismiss. After reviewing the record, the Court agrees that it lacks personal jurisdiction over Greystar. Therefore, Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 6) is **GRANTED**.

Under Federal Rule of Civil Procedure 12(b)(2), a defendant must affirmatively raise a challenge to personal jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).

To determine whether Plaintiff's assertion of personal jurisdiction accords with due process, a court considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009). These factors must be satisfied as to each defendant. *Id.* at 279.

Here, Greystar contests Plaintiff's claim that it owns or manages the property where Plaintiff lives. The Complaint describes Greystar as the "[p]roperty-management company responsible for compliance with federal housing and civil-rights laws" and states that it conducts "substantial and continuous business operations within this District." Dkt. 1 at 2. However,

Defendant avers that "Greystar is neither the owner nor the management company of the Premises." Dkt. 23-2 at 7.

In the memorandum supporting Plaintiff's Motion to Strike Defendant's Motion to Dismiss, Plaintiff argues that the United States Department of Housing and Urban Development ("HUD") "identifies Plaintiff as a tenant of the subject property and Greystar as the housing provider and property manager." Dkt. 15 at 5. Plaintiff does not identify how HUD has purportedly made this identification, and he attaches no documentation or other evidence to support his assertion. *See id.* This falls far short of establishing the minimum contacts within Virginia needed to satisfy due process. Plaintiff has therefore failed to demonstrate that this Court has personal jurisdiction over Greystar. Furthermore, as stated, Plaintiff has not opposed the motion.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 6) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff's Motion to Strike Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 14) is **DENIED** for lack of good cause shown; and it is further

**ORDERED** that Defendant's First Motion for Leave to File Amended Motion to Dismiss Plaintiff's Complaint (Dkt. 21) and Supplemental Motion to Dismiss Complaint (Dkt. 22) are **DENIED as moot**.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is proceeding *pro se*, and close this civil action.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement

indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Entered this 24th day of September, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge